# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:26-mj-00038 |
| v. ) | |
| ) | U.S. Magistrate Judge Steger |
| DEVONTE SADDLER ) | |

## MEMORANDUM AND ORDER

DEVONTE SADDLER ("Defendant") came before the Court for an initial appearance on February 5, 2026, in accordance with Rule 5 of the Federal Rules of Criminal Procedure on the Criminal Complaint supported by an Affidavit [Doc. 1] ("Complaint").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Sam Robinson to represent Defendant.

Defendant was furnished with a copy of the Complaint and the Affidavit, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the Complaint with the assistance of his counsel. In addition, AUSA Tammy Combs explained to Defendant the specific charges contained in the Complaint. Defendant acknowledged that he understood the charges in the Complaint.

The Government moved Defendant be detained pending disposition of the Complaint or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested the option of a preliminary hearing at a later date, and he also requested a detention hearing. The Court reserved the possibility of a preliminary hearing on February 19, 2026, subject to the caveat that Defendant would not be afforded the option of a preliminary hearing in the event Defendant were to be indicted on the charges in Complaint prior to that date. The detention hearing was scheduled for February 10, 2026.

The undersigned conducted the detention hearing on February 10, 2026. At the hearing, the Government, through AUSA Combs, relied upon the sworn allegations in the Complaint and Affidavit [Doc. 1] as well as photographs of evidence found by law enforcement after conducting

1

a search, pursuant to a search warrant, of a residence under the complete or partial control of Defendant. Attorney Sam Robinson proffered evidence on behalf of Defendant. Both attorneys were given an opportunity to argue their positions to the Court.

Based on the evidence presented at the detention hearing, the Court finds that:

- On September 2, 2025, DEA and the Chattanooga Police Department ("CPD") orchestrated a controlled purchase of fentanyl from Defendant utilizing a Confidential Source ("CS"). The CS purchased 34.72 grams of a mixture containing fentanyl from Defendant. The controlled buy was verified through proper controls, recording/monitoring equipment, and surveillance.

- On September 24, 2025, DEA and the CPD orchestrated another controlled purchase of fentanyl from Defendant utilizing a CS. On this second occasion, the CS purchased 24.59 grams of a mixture containing fentanyl from Defendant. The controlled buy was verified through proper controls, recording/monitoring equipment, and surveillance.

- Prior to his arrest, the DEA obtained a search warrant for various residences under complete or partial control by Defendant at which he had been observed by law enforcement to be dealing illegal controlled substances. When law enforcement searched one such residence at 1004 Roselawn Drive in Chattanooga, agents discovered, among other things, a fentanyl testing kit, respirators commonly used when dealing with fentanyl, cutting agents, a digital scale, methamphetamine, and firearms.

- Defendant has a previous felony conviction for possession of Schedule II controlled substance which resulted in a 15-year sentence.

- The Government proffered evidence of a traffic stop conducted on Defendant's vehicle as he was returning to Chattanooga from Atlanta. Over a hundred thousand dollars in cash was confiscated from Defendant. Defendant told law enforcement that he would make it back in no time.

The Court then conducted a separate preliminary hearing on February 19, 2026. The Government relied upon the same evidence it had introduced at the detention hearing, which evidence was corroborated by the testimony of DEA Agent Nathan Mills who was conducting surveillance when the controlled purchases took place. Defendant's attorney, Sam Robinson, cross-examined Agent Mills and proffered evidence on Defendant's behalf. Following such hearing, the Court found that probable cause exists to demonstrate that Defendant has committed the crimes with which he is charged in the Criminal Complaint [Doc. 1].

Further, after considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that Defendant must be detained pending

further order of the Court because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and further, by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Complaint or further order of this Court.

It is, therefore, **ORDERED** that:

1. Probable cause exists to demonstrate that Defendant has committed the crimes with which he is charged in the Criminal Complaint [Doc. 1].

2. Defendant's oral motion to detain Defendant is **GRANTED**. Defendant shall be **DETAINED WITHOUT BAIL** pending disposition of the Complaint or further order of this Court.

**SO ORDERED.**

*/s/ Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE